OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Garfield Heights Municipal Court, oral argument and the briefs of counsel. Louise Lazar, defendant-appellant, appeals from the judgment of the Garfield Heights Municipal Court, Case No. 97-CRB-03505, in which the trial court ordered her to make restitution for medical expenses as part of her sentence on an assault conviction. Defendant-appellant assigns a single error for this court's review.
For the following reasons, defendant-appellant's appeal is not well taken.
On April 30, 1997, defendant-appellant was charged with one count of assault in violation of Section 636.02 of the Codified Ordinances of Maple Heights, a first degree misdemeanor. Defendant-appellant eventually entered a plea of no contest to the charge and was found guilty. On September 16, 1997, the trial court fined defendant-appellant $1,000.00 (with $900.00 suspended) and sentenced her to 180 days in jail (with 177 days suspended). The trial court ordered defendant-appellant to pay restitution of the victim's medical bills (the total to be determined at a later date). The trial court then placed defendant-appellant on inactive probation for one year.
On January 28, 1998, the prosecuting attorney alleged that the order of restitution was, in fact, a condition of probation and that defendant-appellant had failed to comply with that condition. A probation violation hearing was subsequently conducted during which defendant-appellant maintained that, pursuant to R.C. 2929.21 (E), the trial court was prohibited from ordering restitution for medical expenses. The trial court rejected this contention and determined that the restitution order was permissible as a condition of defendant-appellant's probation. The trial court also allowed defendant-appellant additional time within which to pay the victim's medical bills.
It is from this order that defendant-appellant now appeals.
Defendant-appellant's sole assignment of error on appeal states:
 THE TRIAL COURT ERRED IN ORDERING DEFENDANT-APPELLANT TO PAY THE VICTIM'S MEDICAL BILLS AS A FORM OF RESTITUTION. THIS ACTION WAS A DIRECT VIOLATION OF R.C. 2929.21 (E) WHICH LIMITS THE AUTHORITY OF THE TRIAL COURT TO ORDER RESTITUTION FOR ONLY PROPERTY DAMAGE OR THE VALUE OF THE PROPERTY STOLEN.
Defendant-appellant argues, through her sole assignment of error, that the Ohio Revised Code prohibits the trial court from ordering a criminal defendant to make restitution for a victim's medical expenses as a portion of the defendant's sentence. Initially, there is no dispute that neither defendant-appellant nor counsel objected to the order to pay restitution of the victim's medical bills. It is axiomatic that a party cannot raise new issues for the first time on appeal and that a reviewing court will not consider issues not raised and/or objected to in the trial court. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41;McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. FirstUnion Mgt., Inc. (1993), 87 Ohio App.3d 613.
It is clear that the terms of defendant-appellant's extremely liberal sentence, which included inactive probation, was conditioned, in part, upon her paying the victim's medical bills. Moreover, it is clear that this was a condition accepted by defendant-appellant and her counsel by their failure to object in any manner. Defendant-appellant cannot now, for the first time on appeal, argue that the condition to which she previously acquiesced is improper. However, due to the unique nature of the issue presented, this court will address the merits of the instant appeal.
In this matter, a review of the record demonstrates that having defendant-appellant pay the medical bills of the victim was a condition of probation under R.C. 2951.02 which states in part:
 (B) The following do not control the court's discretion, but shall be considered in favor of placing an offender on probation, or in favor of otherwise suspending an offender's sentence of imprisonment pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code.
* * *
 (9) The offender has made or will make restitution or reparation to the victim of his offense for the injury, damage or loss sustained.
* * *
 (C) When an offender who has been convicted of or has pleaded guilty to a misdemeanor is placed on probation * * *, the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, the offender shall abide by the law, * * *. In the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender, including, but not limited to, requiring the offender to make restitution pursuant to R.C. 2929.21 of the Revised Code for all or part of the property damage that is caused by the offender's offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the offender committed. Compliance with the additional requirements also shall be a condition of the offender's probation or other suspension.
It is clear that the legislature contemplated a defendant making restitution in cases where injury resulted. R.C. 2951.02(B)(9). Although R.C. 2951.02(C) specifically contemplates restitution for property damage, it does not limit a judge from imposing other requirements on a defendant once he is placed on probation. See State v. Henry (Feb. 13, 1992), Cuyahoga App. No. 59837, unreported. While a trial court cannot order the restitution of medical expenses as part of his sentence under R.C. 2929.21 (E), it can order the restitution of medical expenses as a condition of his/her probation under R.C. 2951.02
if it is reasonably related to the offense for which the offender has been placed on probation. See State v. Pittman (1990),61 Ohio App.3d 425; Brookpark v. Smith (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported; State v. Shenefield (Aug. 28, 1997), Franklin App. No. 9611-1453, unreported.
Since the law is clear regarding an order to pay the medical bills of the victim, the issue then becomes whether or not the order was part of defendant-appellant's sentence or a condition of her probation. After a review of the record, it is apparent that the trial court properly issued the order as a condition of probation under R.C. 2951.02.
At the initial sentencing, the trial court fined defendant-appellant $1,000 (with $900.00 being suspended) and sentenced her to 180 days in jail (with 177 days suspended). The trial court ordered defendant-appellant to pay restitution of the victim's medical bills. The total being determined at a later date. The court then placed defendant-appellant on inactive probation for one year. Reviewing the court's entry, it is admittedly ambiguous whether or not the court initially ordered the reimbursement of the medical expenses as part of the original sentence or as a condition of probation. Read together in concert with the transcript of the sentencing hearing, however, it is clear what the court intended to accomplish.
After the defendant-appellant refused to pay the medical bills of the victim, the trial court held a probation violation hearing. This, in and of itself, makes clear the trial court's prior intention. Moreover, the court went on to resolve any ambiguities in its initial order by issuing a journal entry on February 2, 1998, wherein it stated in pertinent part:
 On September 16, 1997, defendant pled no contest to the charge of assault and was sentenced to 180 days with 177 suspended on the condition that defendant successfully completes the standard conditions of probation. Number 13 of the Standard Conditions of probation states that "[i]f you are ordered to make restitution, failure to do so timely in the manner ordered by Judge Nicastro" constitutes a violation of probation. Further, Defendant was "ordered to pay restitution in the amount of $ unknown by 1-30-98 through the Prosecutor's Office." The Court's final order was not appealed by the defendant.
 The amount of the victim's medical bills were unknown at the time of final disposition. The Court finds that defendant was not ordered to pay restitution under ORC Section 2929.21 (E). Instead, the defendant was ordered to pay restitution as a condition of probation in the amount to be determined by the Prosecutor's Office since the Court has no probation department.
Notwithstanding defendant-appellant's failure to object, it is clear from the reasons set forth above that the trial court properly ordered defendant-appellant to pay the medical bills of the victim as a condition of probation. The court would be better served in this instance to avoid the use of the legally interpreted term "restitution." It is obvious that the court used the term consistent with common usage.[1] For these reasons, it is apparent that the trial court acted properly in sentencing defendant-appellant.
Defendant-appellant's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, Judge.
DIANE KARPINSKI, Judge, Concurs In Judgment Only.
ANN DYKE, Judge, Dissents.
[1] The act of making good for loss, damage, or injury. The American Heritage Desk Dictionary (1981), 804.
 DISSENTING OPINION