The STATE of Ohio, Appellee,

v.

PITTMAN, Appellant.

[Cite as *State v. Pittman* (1990), 61 Ohio App.3d 425.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 89AP100074.

Decided April 12, 1990.

*Scott J. Mastin,* assistant prosecuting attorney, for appellee.

*Gerald A. Latanich,* county public defender, for appellant.

MILLIGAN, Judge.

On defendant Rickey Pittman's plea of guilty to felonious assault, R.C. 2903.11 (a second degree felony), the Tuscarawas County Common Pleas Court sentenced him to five to fifteen years in jail and "[i]n addition, the court hereby orders [*sic*] the defendant to pay the sum of $7,500.00, the same to be

applied to restitution to the victim, Jeffrey Schaar, payable through the Tuscarawas County Clerk of Courts."

█ Defendant-appellant appeals the order of restitution:

"There was not sufficient factual basis to order the restitution figures that the court imposed."

R.C. 2929.11(A) provides in part:

"Whoever is convicted of or pleads guilty to a felony * * * except as provided in division (D), (E), or (H) of this section, shall be imprisoned * * * and, in addition, may be fined or required to make restitution, or both. * * * The fine and restitution shall be fixed by the court as provided in this section."

R.C. 2929.11(E) states that the court shall require restitution in cases of theft in office, R.C. 2921.41(C)(2)(a), and, if appropriate, arson, R.C. 2909.03, or aggravated arson, R.C. 2909.02. R.C. 2929.11(E) provides in part:

" * * * The court, in any other case, may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense * * *." Cf. R.C. 2929.21(E).

"In construing R.C. 2929.11(E) four counties held that a court may only order restitution for property damage and the value of stolen property and may not order restitution for medical bills. *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436 and *State v. Swan* (1988), 51 Ohio App.3d 141, 554 N.E.2d 1374, both citing *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 29 OBR 322, 504 N.E.2d 1180 and *State v. Orr* (1985), 26 Ohio App.3d 24, 26 OBR 192, 498 N.E.2d 181." *State v. Wohlgemuth* (Feb. 8, 1990), Cuyahoga App. No. 56508, unreported, 1990 WL 9931.

Here, the complainant did not suffer property damage, but rather personal injury.

"[MR. MASTIN:] Yes, Judge. On behalf of the State of Ohio, we would recommend the Court sentence Mr. Pittman to five to 15, we would recommend that that run consecutive to any other sentences he may be presently incarcerated on or going to be incarcerated on from any other county in this State. We recommend that this Court also impose the maximum $7500, fine. We have parents in this case of a young boy who had his nerves cut to his one hand, doesn't have the use of that hand, has had numbness. At this time, may never recover the use of this hand over a senseless act. He was just inquiring about his Dad's boat * * *.

"[MR. MASTIN:] He has had, may have numerous surgeries and medical attention. I think the $7500, would be useful, if the Court would order that as

a fine with any portions that are paid in to be applied to restitution in this case. Thank you."

"The clear language of R.C. 2929.11(E) limits the authority of the trial court to order restitution to orders to pay property damage or the value of property stolen. The discretion of a court to fashion a sentence is limited by the language of R.C. 2929.11(E)." *Wohlgemuth, supra.* Hence we find the restitution order in the case *sub judice* contrary to law.

While it is true that restitution for medical expenses may be ordered as part of the terms of probation, see *Brook Park v. Smith* (Aug. 14, 1986), Cuyahoga App. No. 51013, unreported, 1986 WL 8987, we find no authority for the state's contention that because the court could order a $7,500 fine, that amount could be diverted as payment of restitution for medical bills of the complainant.

Appellant's assignment of error is sustained.

The judgment of the Tuscarawas County Common Pleas Court is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

PUTMAN, P.J., and SMART, J., concur.