The STATE of Ohio, Appellee,

v.

ASHLEY, Appellant.

[Cite as *State v. Ashley* (1991), 74 Ohio App.3d 92.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60259.

Decided May 13, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Jerry Lindsay,* for appellee.

*Richard A. Oviatt,* for appellant.

*Per Curiam.*

Defendant-appellant Carl T. Ashley ("appellant") appeals the trial court's order requiring him to make restitution.

On December 15, 1989, appellant entered a plea of no contest to two counts of nonsupport of dependents, in violation of R.C. 2919.21. The trial court accepted appellant's plea and, upon hearing the evidence put forth by the state, found appellant guilty as charged.

The trial court then sentenced appellant to terms of six months on each count and ordered that the terms be served consecutively. The trial court subsequently suspended appellant's sentence and ordered that he serve three years on probation on the condition that he make a material effort toward making restitution.

On July 13, 1990, the trial court ordered appellant to pay $100 per month in restitution until the Division of Domestic Relations issued a final order as to the amount due. The court further ordered that the amount of restitution was to be determined as of September 24, 1986.

Appellant filed a timely notice of appeal and contends the trial court erred in ordering restitution.

Appellant was found guilty of nonsupport of dependents, in violation of R.C. 2919.21, a minor misdemeanor of the first degree. The potential penalties for minor misdemeanors are contained in R.C. 2929.21, which states in pertinent part:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense. * * *"

The trial court ordered appellant to make restitution for child support. Restitution ordered pursuant to R.C. 2929.21, however, is limited to

damages to real or personal property. *State v. Theuring* (1988), 46 Ohio App.3d 152, 156, 546 N.E.2d 436, see, also, *Eastlake v. Kosec* (1985), 29 Ohio App.3d 259, 29 OBR 322, 504 N.E.2d 1180; *State v. Orr* (1985), 26 Ohio App.3d 24, 26 OBR 192, 498 N.E.2d 181. The suspension of the two consecutive six-month terms and placing the appellant on three years' probation could properly have been conditioned upon the appellant making payments toward the child support. However, the trial court here exceeded its authority in fixing the amount of the payment and attempting to establish an earlier effective date. Those matters should be determined in civil proceedings.

Accordingly, appellant's assignment of error is well taken.

The cause is remanded for resentencing consistent with this opinion.

*Judgment accordingly.*

BLACKMON, CORRIGAN and PRYATEL, JJ., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.