The STATE of Ohio, Appellee,

v.

HERRING, Appellant.

[Cite as *State v. Herring* (1993), 88 Ohio App.3d 228.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1738.

Decided June 10, 1993.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Susan E. Day*, Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson*, Franklin County Public Defender, and *David L. Strait*, Assistant Public Defender, for appellant.

JOHN D. MARTIN, Judge.

In July 1992, defendant-appellant, Reginald Herring, was indicted by the Franklin County Grand Jury on one count of nonsupport. He entered a plea of guilty to the charge and, in November 1992, received a sentence of one and one-half years' imprisonment and was ordered to make restitution of child support arrearages of $18,000.

Appellant assigns as error the order of restitution as part of a sentence for nonsupport, alleging that there is no legal or statutory authority providing for this.

In support of his position, counsel for the appellant cites several opinions, none of which is directly on point. *State v. Pittman* (1990), 61 Ohio App.3d 425, 572 N.E.2d 841, stands for the proposition that, in a case involving felonious assault, restitution could be ordered for property damage but not for personal injury, which would include a victim's medical bills. The appellate court did concede that restitution could be ordered as part of probation, but that question, along with the question of property damages, is not before the court in this case.

Appellant further cites *State v. Ashley* (1991), 74 Ohio App.3d 92, 598 N.E.2d 71. There the trial court suspended two six-month misdemeanor nonsupport sentences and placed the defendant therein on probation on condition of making restitution, which the court proceeded on its own to set, along with a retroactive date from which said support should run. The appellate court for the Eighth Appellate District found that, while " * * * probation could properly have been conditioned upon the appellant making payments toward the child support * * *, the trial court here exceeded its authority in fixing the amount of the payment and attempting to establish an earlier effective date. Those matters should be determined in civil proceedings." In this case, an existing child support order was in place and enforceable at all relevant times, but restitution was part of the appellant's sentence rather than a term of probation.

This case then is one of first impression in Ohio involving the question of whether nonsupport is a "theft offense" within the definition of that term as provided for in R.C. 2913.01.

R.C. 2929.11 provides, *inter alia*, that one convicted of a felony may be ordered to make restitution to victims. In certain instances such as arson and theft in office it is mandated. In other instances the language is permissive.

Restitution may be ordered where a "theft offense," as defined in R.C. 2913.01(K), is involved. Nonsupport, R.C. 2919.21, is not listed among those offenses in which restitution may be required of a defendant.

The question, thus, is reduced to whether nonsupport is "substantially equivalent" to theft, R.C. 2913.02, or related statutes. And, more specifically, did appellant exercise control over property or property interests of the victim or victims?

The intended recipient of the support payments in this case was undoubtedly harmed financially by not receiving payments. Indeed, anyone who is owed a debt and fails to have such debt timely paid is financially damaged. However, such financial damages, as urged by counsel for appellee and as held to be subject

to a restitution order in *State v. Warner* (1990), 55 Ohio St.3d 31, 564 N.E.2d 18, must be distinguished. In *Warner*, substantial sums of money were taken through unauthorized acts under R.C. 1153.01 and securities violations under R.C. 1707.44. Here, there has been no taking, but merely a withholding.

Perhaps one victim may be harmed as much as the other and the case of a child may be far more insidious. However, to call the withholding of the payment of a debt obligation a theft would be to place upon the shoulders of the prosecutor the burden of collecting ultimately any debt. That no court can do and, upon reflection, no prosecutor should request.

The remedy clearly lies in the legislature. The General Assembly can easily enhance the capacity of legal agencies in their collection efforts by adding to the list of statutes in R.C. 2913.01(K), the statute governing nonsupport, R.C. 2919.21.

There being no legal basis upon which to rest this order for restitution, appellant's assignment of error is sustained, and that part of the sentence must be vacated. Since there was pending at the time this matter was certified for appeal a motion for shock probation under R.C. 2947.061, and, since an order of restitution of unpaid child support may properly be made a term of probation, this cause is remanded to the trial court for further consideration in light of the above.

*Judgment reversed*
*and cause remanded*
*with instructions.*

DESHLER, J., concurs.

YOUNG, J., concurs separately.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.

JOHN C. YOUNG, Judge, concurring separately.

I concur in the majority opinion of this court that R.C. 2929.11 does not authorize the trial court to order restitution of unpaid child support as a result of a conviction of criminal nonsupport (R.C. 2929.21). However, pursuant to R.C. 3113.21(M)(1), any court may take action to enforce the payment of a terminated support order. Said section reads as follows:

"The termination of a support obligation or a support order does not abate the power of any court to collect overdue and unpaid support or to punish any person for a failure to comply with an order of the court or to pay any support as ordered in the terminated support order."

R.C. 3113.21(M)(1) may be enforced through an action for civil contempt or by granting judgment for the unpaid child support and a subsequent action for collection as may be authorized for any of the usual civil debts.