DECISION AND JUDGMENT ENTRY
This is an appeal from the Hocking County Court of Common Pleas. Defendant-appellant Timothy Keslar appeals his conviction for felony non-support, a violation of R.C. 2919.21(A)(2).
The appellant was divorced in Hocking County, Ohio, and ordered to pay child support for three children. He did not comply with that order. Appellant was indicted on September 5, 1996; arrested in 1998 in Greene County, Pennsylvania; and returned to Ohio for trial by the Hocking County Sheriff. He pled not guilty to the charge of failure to support and was appointed counsel as an indigent.
On May 20, 1998, in open court, appellant withdrew his not guilty plea and pled guilty to non-support as charged in the indictment. He was sentenced on July 7, 1998, to one year in prison and ordered to pay restitution in the amount of $20,000, plus the costs of the action. The trial court found that he was not amenable to probation because of prior felony convictions for receiving stolen property.
On July 30, 1998, appellant moved the trial court to dismiss the case for lack of subject matter jurisdiction, citing the recent case from the Tenth District Court of Appeals of State v.Rosenstock (Dec. 7, 1995), Franklin App. No. 95APA05-517, unreported.
In Rosenstock, the defendant was divorced and still lived in Ohio, but his ex-wife and children lived in Maryland. Mr. Rosenstock argued that the crime of non-support occurred in the state where the children resided. The Tenth District Court of Appeals disagreed, finding that Ohio law imposed a duty on parents to support their children. Failure in that duty was a crime of omission; hence, the violation of R.C. 2919.21(A)(2) occurred where the defendant lived. The court overruled Mr. Rosenstock's objections.
Appellant argued that the indictment charged him with failure to pay support from June 1, 1994, to July 31, 1996, when he was a resident of Pennsylvania. Indeed, the State stipulated that appellant had not lived in Ohio for the past seven years.
The trial court found his motion procedurally deficient. The court found appellant could only raise his jurisdictional objection in the form of a motion for new trial under Crim.R. 33, or, in the alternative, for arrest of judgment under Crim.R. 34.
As to the appellant's specific objection to jurisdiction, the lower court concluded that since it had subject matter jurisdiction over criminal cases in general, it had jurisdiction over this particular case. Even if it did not, the judgment of the trial court was voidable, not void, and objections to jurisdiction had to be raised before conviction. It is from this decision that appellant has taken his timely appeal, asserting two assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S DEFENSE SHOULD HAVE BEEN PRESENTED AS A MOTION FOR A NEW TRIAL OR A MOTION FOR ARREST OF JUDGMENT.
 II. THE TRIAL COURT ERRED IN FAILING TO FOLLOW ROSENSTOCK AND DISCHARGE THE DEFENDANT.
 OPINION
We find that the trial court had jurisdiction under R.C.2901.11 and affirm the conviction of the appellant under R.C.2919.21(A)(2). However, we find that the trial court improperly required restitution from the appellant for unpaid child support. See State v. Williams (May 26, 1998), Butler App. No. CA97-10202, unreported; State v. Herring (1993), 88 Ohio App.3d 228,623 N.E.2d 687; State v. Ashley (1991), 74 Ohio App.3d 92,598 N.E.2d 71. We, therefore, modify the trial court's judgment to delete the requirement for the appellant to pay restitution. Appellant remains under the orders of the Hocking County Court of Common Pleas court in the divorce proceeding to pay support as ordered and remains under threat of civil contempt if he does not comply with those orders.
Since the filing of the briefs in this action, the Sixth District Court of Appeals released their decision in State v.Chintalapalli (Nov. 20, 1998), Erie County App. No. E-97-148, unreported[1], which follows Rosenstock, and arguably supports the appellant's argument.
In Rosenstock, Mr. Rosenstock was an Ohio resident while his children lived in Maryland. Key to our discussion is the assertion by the Tenth District Court of Appeals that "[t]he gravamen of a charge brought under R.C. 2919.21(A)(2) is a defendant's abandonment of, or failure to support his minor child." That court found the act or omission of failing to support takes place where the defendant resides, not where the child resides, because that is where the failure to perform the required act occurred.
In Chintalapalli, Mr. Chintalapalli was divorced in Erie County, Ohio, but was a resident of another state during the time he was charged with failure to pay support under R.C.2919.21(A)(2). As in Rosenstock, the ex-wife and children were living in another state. Citing Rosenstock, the Sixth District Court of Appeals concluded that the crime of failure to support occurred in the state of Mr. Chintalapalli's residence, not in Ohio. Hence they found the trial court lacked jurisdiction to hear a charge of non-support against Mr. Chintalapalli and discharged him accordingly.
The case at bar is distinguishable from both Chintalapalli andRosenstock because, while appellant was a resident of another state, the children lived in Ohio. We are not required, therefore, to adopt the position held by the Sixth District Court of Appeals and the Tenth District Court of Appeals, and our independent analysis leads us to a different conclusion. We, therefore, find appellant's assignments of error to be without merit.
At the outset, we must first determine if appellant may contest the jurisdiction of the court at all, after his voluntary plea and conviction.
As commonly used, "jurisdiction" refers to the judicial power to hear and determine a criminal prosecution. This is "subject matter jurisdiction," and the question is so basic that it can be raised at any time before the trial court or any appellate court. See State v. Shrum (1982), 7 Ohio App.3d 244, 245,455 N.E.2d 531, 533. "No man, by express consent, can confer jurisdiction upon the court to try him for crime." Doyle v. State (1848),17 Ohio 222, 225, cited in State v. Atwood (1990), 61 Ohio App.3d 650,573 N.E.2d 739.
It is true that a criminal defendant may waive some of his constitutional rights when he enters a guilty plea, such as his right to a jury trial. State v. Loucks (1971), 28 Ohio App.2d 77.274 N.E.2d 773. However, the waiver of such a right does not go to the power of the court to try the case. By entering a plea of guilty, the appellant did not waive his right to object to the subject matter jurisdiction of the court. See State v. Riggins
(1980), 68 Ohio App.2d 1, 426 N.E.2d 504.
The state argues that the appellant must raise his "factual defense" of "territorial" jurisdiction in a motion for a new trial or for arrest of judgment. They argue that the judgment would be void only if the trial court lacked subject matter jurisdiction. Lack of jurisdiction of the particular case, they claim, merely renders the judgment voidable, not void, thereby requiring appellant to raise his objection before trial or by motion as allowed by Crim.R. 33 or 34.
If the trial court was without subject matter jurisdiction, the void judgment may be challenged at any time. See State v. Wilson
(1995), 73 Ohio St.3d 40, 45-46, 652 N.E.2d 196, 199-200. The conviction and sentence would have been void ab initio. SeePatton v. Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus.
The state and trial court rely on dicta from State v. Swiger
(Jan. 28, 1998), Summit App. Nos. 17864 and 18416, unreported. InSwiger, the defendant argued that his bench trial for murder had to be heard by a three-judge panel, not by one judge. Swiger's attack to the verdict was not to subject matter jurisdiction of the trial court but merely to the authority of the trial judge to act within that jurisdiction.
Jurisdiction of the subject matter is always fixed and determined by law. See Rogers v. State (1913), 87 Ohio St. 308,101 N.E. 143. Under the Ohio Constitution, "the courts of common pleas and divisions thereof shall have original jurisdiction over all justiciable matters * * * as provided by law." Section 4(B), Article IV, Ohio Constitution. Similarly, R.C. 2931.03 provides that "[t]he court of common pleas has original jurisdiction over all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." The subject matter jurisdiction of the common pleas court is defined by statute.
While the trial court is correct in stating that it has subject matter jurisdiction over a criminal case, it is only partially correct. "The constitution itself confers no jurisdiction whatever upon that court [court of common pleas], either in civil or criminal cases. It is given a capacity to receive jurisdiction in all such cases, but it can exercise none, until `fixed by law.'" Stevens v. State (1854), 3 Ohio St. 453, 455, quoted inState ex rel. Miller v. Keefe (1958), 168 Ohio St. 234,152 N.E.2d 113. See, also, Seventh Urban, Inc. v. University CircleProperty Dev., Inc. (1981), 67 Ohio St.2d 19, 423 N.E.2d 1070. It is clear that the power to define the jurisdiction of the courts of common pleas rests with the General Assembly. The common pleas courts may exercise only such jurisdiction as is expressly granted to them by the legislature. Id at 22, 423 N.E.2d at 1073.
A person is subject to criminal prosecution in this state if any element of the offense takes place in this state. R.C.2901.11(A)(1). See Shrum, supra, (while the rape occurred in Kentucky, the threat of force occurred in Ohio with the abduction of the victim). In State v. Brown (May 1, 1991), Loran App. Nos. 90CA004836 and 90CA004838, unreported, the defendant, a Miami Beach police officer, was a principal player in a scheme designed to sell drugs in Lorain County, Ohio. Although the defendant never left Florida, the State of Ohio had a legitimate interest in protecting state citizens against the defendant's pattern of corrupt activity.
In State v. Crown (Aug. 14, 1991), Knox App. No. 91-CA-12, unreported, the defendant was employed by a company that operated out of Kuwait and Dubai but was supervised by a manager based in Knox County. Defendant's forgery of company checks and placing them into the "flow of paper" to the Knox County office provided the state with jurisdiction to bring charges against him.
On the other hand, see State v. Laws (Dec. 22, 1998), Franklin App. No. 98AP-306, unreported. Here the defendant was convicted of gross sexual imposition that occurred while he was on a camping trip with the thirteen-year-old victim in Canada. The State argued the defendant "formed the intent" to sexually abuse the victim before leaving the state. Since gross sexual imposition on a minor under age thirteen was a strict liability offense, this conviction was overturned. No element of the offense charged took place in this state.
On a similar note, see State v. Lyons (Mar. 6, 1985), Summit App. No. 11779, unreported, where the defendant, a Michigan resident, was charged with receiving stolen property. The trial court dismissed the indictment. On appeal, the State argued the property was stolen in Ohio, thereby giving the Ohio court jurisdiction. Because theft was not an element of the charge of receiving stolen property, the court of appeals affirmed the dismissal of the indictment.
Hence, the jurisdiction of the trial court is limited by statute, and in this case by R.C. 2901.11. The 1974 Committee Comments state that this section is designed to allow the state the broadest possible jurisdiction over crimes and persons committing crimes in or affecting this state. It was intended to eliminate the common law doctrine that the location of the crime fixes jurisdiction and that the location depends on where the "gist" of the offense occurs.
Appellant is correct in his assertion that he may raise the question of jurisdiction at any time. The question is then whether the trial court had subject matter jurisdiction in this matter. We begin by examining R.C. 2901.11:
 (A) A person is subject to criminal prosecution and punishment in this state if any of the following occur:
 (1) The person commits an offense under the laws of this state, any element of which takes place in this state.
 (2) While in this state, the person conspires * * *.
 (3) While out of this state, the person conspires * * *.
 (4) While out of this state, the person omits to perform a legal duty imposed by the laws of this state, which omission affects a legitimate interest of the state in protecting, governing, or regulating any person, property, thing, transaction, or activity in this state. (Emphasis added.)
This leads us to the next step in our analysis, where we must then determine the "venue" or locus of the crime charged against the appellant. If any element of the crime occurred in Hocking County, Ohio, his conviction must stand; if not, it must fail. R.C. 2919.21 in pertinent part, states:
 (A) No person shall abandon, or fail to provide adequate support to:
(1) * * *
 (2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one.
R.C. 2919.21, enacted in 1974, replaced several earlier statutes as part of a general recodification of the criminal code that year. Apart from Chintalapalli and Rosenstock, we have found only four other cases that examine the territorial location of an offense under this statute. See State v. Fisher (Jan. 6, 1975) Lake App. No. 5-135, unreported; State v. McGraw (Oct. 12, 1979), Pike App. No. 320, unreported; State v. Bale (Dec. 7, 1993), Delaware App. No. 93CAA01001, unreported; State v. Collinsworth
(June 10, 1996), Delaware App. No. 95CAA11077, unreported.Collinsworth merely follows Bale.
All four cases dealt with proper venue for the trial under R.C.2901.12. Under R.C. 2901.12, trial is to be held in the county where the offense or "any element of the offense" was committed.Fisher was an action brought in the Mentor Municipal Court for violation of R.C. 2919.21(A)(4) (now (B) in the present statute). The court upheld defendant's objections to venue because the ex-wife and children were residents of Cuyahoga County at the time of the trial. The Fisher court relied upon State v. Sanner
(1910), 81 Ohio St. 393, 90 N.E.2d 1007, paragraph two of the syllabus, to find the proper venue is where the intended recipient of the support resides.
Sanner was a prosecution against a resident of another state for failing to support his children in Allen County, Ohio, under the terms of a 1908 act "to compel parents to maintain their children." 99 Ohio Laws 228. This act specified that the offense occurred in the county where the children resided at the time of the complaint. Unfortunately, the present statute does not have the specific jurisdictional terms found in that earlier statute.
In McGraw, the Pike County case, the accused argued improper venue because he was a resident of Fairfield County. In Bale, the Delaware County case, the defendant also argued that venue was improper because he was a Franklin County resident. In these two cases, venue was proper because the court concluded an element of the crime charged is the failure to deliver support to a particular and specifically stated location. In McGraw, the duty was to deliver support to the child, a Pike County resident; inBale, to the Delaware Child Support Enforcement Agency.
Under R.C. 2901.11(A)(4) a person is subject to criminal prosecution in this state if, while out of this state, the person omits to perform a legal duty imposed by the laws of this state. The appellant has a legal duty to support his children. R.C.3103.03. Because support was court ordered, he also has a legal duty to pay his support through the Hocking County Child Support Enforcement Agency. R.C. 2301.36. Proper venue is thereby established in that county in accordance with R.C. 2901.12. Hence, the Hocking County Court of Common Pleas has jurisdiciton under R.C. 2901.11(A)(4) to try the appellant for his failure to perform this legal duty.
We note, as well, the common law duty of parents to support their minor children. See State ex rel. Newland v. Indus. Comm.
(1996), 74 Ohio St.3d 347, 658 N.E.2d 776.
"Supporting one's children is not an option but a duty." See Bobov. Jewell (1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183. "* * * [t]he obligation to support one's own children is one owed to the public generally." State v. Ducey (1970), 25 Ohio App.2d 50,54, 266 N.E.2d 233, 235. "Society expects that those who bring children into this world will care for and attend to those children". Bercaw v. Bercaw (1989), 45 Ohio St.3d 160, 161,543 N.E.2d 1197, 1199. "Consequently, while parents may divorce from each other, they may not divorce from their children." Id. at 161.
Finally, we note that the Social Security Act of 1975 charges the State of Ohio with the duty to collect child support. See42 U.S.C.A. 654; State v. Lozada (1995), 102 Ohio App.3d 442,682 N.E.2d 372. Appellant's omission to pay support affects a legitimate interest of the state in protecting children who are residents of this state. Lozada; Marker v. Grim (1992), 65 Ohio St.3d 139, 601 N.E.2d 496.
We hold, in the case at bar, that the crime of non-support occurred when the appellant omitted to perform the legal duty imposed by the laws of this state to support his minor children. He cannot escape this duty by leaving the state. He is subject to criminal prosecution and punishment in this state, and the court below had jurisdiction to try him for this crime even though he resided in another state. See R.C. 2901.11(A)(4). Accordingly, appellant's First and Second Assignments of Error are OVERRULED.
However, in reviewing the record, this court has found a sentencing error that was not raised by appellant. We have raised this error sua sponte since a sentence not authorized by statute is void. State v. Bruce (1994), 95 Ohio App.3d 169,642 N.E.2d 12, citing State v. Thomas (1992), 80 Ohio App.3d 452, 458,609 N.E.2d 601, 605. Appellant's sentence included an order to pay restitution of $20,000. We find that the trial court lacked the authority to require appellant to pay restitution as part of his sentence.
Appellant's crime was a felony because he failed to provide support for more than twenty-six weeks out of a period of one hundred and four weeks. See R.C. 2919.21(G). The time period set forth in the indictment was from June 1, 1994, to July 31, 1996, overlapping the effective date of S.B. 2, the sentencing reform bill that became effective on July 1, 1996. The trial court correctly determined that appellant must be sentenced under the new law because the failure of support was a continuing course of conduct. Hence, the trial court sentenced appellant to the maximum one year sentence permitted for a fifth degree felony, rather than the longer eighteen month sentence permitted under the former statute. See State v. Bush (1996), 83 Ohio Misc.2d 61,679 N.E.2d 747. However, we find the trial court incorrectly applied R.C. 2929.18 in imposing a requirement for restitution on the appellant.
An uncodified section of S.B. 2 limited the effect of the legislation to crimes committed on or after the effective date of July 1, 1996. Appellant's crime represented a continuing course of conduct that became felonious conduct only when the period of non-support reached two years, here, on July 31, 1996. Hence the felony enhancement of R.C. 2919.21(G) was correctly found to be a fifth degree felony, rather than a fourth degree felony permitted under the old law. However, Section 10, Article 1, United States Constitution forbids state legislatures from imposing "ex postfacto" laws, laws that retroactively increase the punishment of a criminal act. Legislation violates the Ex Post Facto Clause if it makes a previously innocent act criminal, increases the punishment for a crime after its commission, or deprives the accused of a defense available at the time the crime was committed. Collins v. Youngblood (1990), 497 U.S. 37, 42,110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, 39. See, also, State v. Rush
(1998), 83 Ohio St.3d 53, 59, 697 N.E.2d 634, 638.
Therefore, former R.C. 2929.11(E) governs the authority of the trial court to order restitution for a felony:
 The court * * * may require a person who is convicted of or pleads guilty to a felony to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01
of the Revised Code, that the person committed.
However, the term "property damage" in former R.C. 2929.11(E) and R.C. 2929.21(E) does not include past due child support. SeeWilliams, Herring and Ashley, supra. Further, failing to provide adequate child support is not a theft offense defined in R.C.2913.01(K). Herring at 229. Thus, the trial court did not have authority to require appellant to pay restitution for past due child support as part of his sentence under the law as it existed prior to July 1, 1996. See Herring at 229-230; Ashley at 93-94. Nor could the trial court impose a restitution requirement as a condition of probation. State v. Bede (1996), 114 Ohio App.3d 585,683 N.E.2d 817.
Hence a restitution requirement imposed under R.C. 2929.18
improperly increases the penalty for appellant's crime after commission. Appellant remains under the orders of the Hocking County Court of Common Pleas to pay child support, however, and may be found in civil contempt for any future failure to abide by the orders of that court.
We are granted the authority under App.R. 12(A)(1)(a) to modify this sentence. Therefore, we order that the judgment of the trial court be modified to delete the requirement that the appellant pay restitution as part of the sentence imposed in this matter without disturbing the balance of the sentence imposed on appellant by the court below.
JUDGMENT AFFIRMED, AS MODIFIED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT be AFFIRMED, as MODIFIED to delete the requirement for restitution by the appellant.
It is ordered that the appellee recover of the appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Abele, J.: Concur in Judgment Only.
For the Court
 By: _____________________ David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] Discretionary Appeal Allowed, State v. Chintalapalli
(1999), 85 Ohio St.3d 1426, 707 N.E.2d 516.