DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. The jury found George Karnes, defendant below and appellant herein, guilty of four counts of criminal nonsupport, in violation of R.C. 2919.21.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION IN LIMINE PROHIBITING THE ADMISSION OF ALL EVIDENCE RELATED TO APPELLANT'S LEGAL CHALLENGES TO THE VALIDITY [OF THE] ORIGINAL SUPPORT ORDER."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY RESTITUTION AS PART OF [HIS] SENTENCE FOR THE NONSUPPORT CONVICTION."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT OVERRULED APPELLANT'S MOTION TO DISMISS, WHICH ASSERTED THAT THE COURT LACKED JURISDICTION OVER APPELLANT IN THE CRIMINAL PROSECUTION FOR NONSUPPORT."
The following facts pertinent to the instant appeal are taken from our prior opinion in Karnes v. Karnes (Aug. 8, 1996), Athens App. No. 95 CA 1666, unreported.
 "* * * On March 11, 1981, Nancy Karnes * * * filed a complaint for divorce and custody of the minor child born of the marriage. On December 1, 1981, the referee who presided over the divorce and custody hearing, recommended that [Nancy Karnes] be granted a divorce and receive custody of the minor child. The report also recommended that [George Karnes] pay child support. The trial court adopted the referee's report on January 8, 1982. In its judgment, the trial court did not specify which party was granted custody of the minor child or the exact amount of child support due per week.
 [George Karnes] then filed a notice of appeal to this court. On March 8, 1983, this court filed a journal entry which found that on consideration of the record, assignments of error, and arguments of the parties, we did not find any error on the record, judgment and proceedings of the trial court. Thus, we affirmed the trial court's judgment.
 On November 29, 1994, the Athens County Child Support Enforcement Agency filed a motion for contempt and/or judgment for child support arrearage. After a hearing before a referee, the referee filed a report in which she recommended that [George Karnes] be found in contempt and judgment be rendered in favor of [Nancy Karnes] for the unpaid child support. The trial court adopted this report on April 4, 1995. * * *."
In his 1996 appeal, appellant argued that the original January 8, 1982 judgment was unenforceable and void because the trial court did not specifically state who was to receive custody of the parties' minor child. In our decision, we noted that "[a] trial court may not simply `rubber stamp' a referee's report," and that "[a] judgment must contain a statement of relief to which a party is entitled." We stated that "[a] judgment which does not contain this statement of relief is erroneous and voidable." This court ultimately concluded, however, that because appellant had appealed the 1982 judgment, res judicata precluded appellant from again challenging the validity of the 1982 judgment.
On September 2, 1998, the Athens County Grand Jury returned an indictment charging appellant with four counts of criminal nonsupport. Two of the counts charged appellant with violating former R.C. 2919.21: (1) count one alleged a violation of R.C. 2919.21(A)(2);[1] and (2) count two alleged a violation of R.C. 2919.21(B), which the state later amended to charge a violation of R.C. 2919.21(A)(4).[2] The remaining two counts charged appellant pursuant to the current version of the statute: (1) count three alleged a violation of R.C. 2919.21(A)(2);[3]
and (2) count four alleged a violation of R.C. 2919.21(B).[4] All four counts in the indictment alleged that appellant failed to provide support for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks.[5]
On January 27, 1999, appellant filed a motion to dismiss counts two and four of the indictment. Appellant argued that counts two and four were premised upon an invalid court order and thus, could not serve as a basis for the charges alleging that appellant failed to provide support to a person whom, by court order, he was legally obligated to support. Appellant argued that the order was invalid because the trial court merely incorporated the referee's report and did not separately state its own judgment.
On February 4, 1999, the trial court overruled appellant's motion to dismiss. The trial court stated that appellant should have challenged the validity of the trial court's 1982 judgment on appeal from the domestic relations case. Thus, the trial court concluded that appellant could not raise the issue in the instant case. Moreover, the court found that appellant failed to prove that the trial court's order requiring appellant to pay child support was somehow defective.
On April 22, 1999, the state filed a motion in limine seeking to prohibit appellant from presenting any testimony or evidence referring to appellant's repeated challenges to the validity of the trial court's 1982 divorce decree. The state asserted that res judicata precluded appellant from raising the issue of the validity of the divorce decree. Additionally the state claimed that any testimony or evidence referring to the matter would serve only to confuse the jury. The state further argued that prohibiting such testimony and evidence would serve the interests of judicial economy by denying appellant the opportunity to relitigate issues that have already been argued and decided.
At an April 26, 1999 hearing, appellant argued that the jury should be permitted to hear that appellant has not paid child support. Appellant asserted that he does not believe that the trial court's child support order constitutes a valid court order. The trial court disagreed, however, and on April 26, 1999, granted the state's motion in limine.
On May 7, 1999, the jury found appellant guilty of all four counts of nonsupport. Specifically, the jury found appellant guilty: (1) of failing to provide adequate support to his child under the age of eighteen for a total accumulated period of twenty-six weeks out of one hundred four weeks, a fourth degree felony, in violation of former R.C. 2919.21(A)(2); (2) of failing to provide adequate support to his child whom, by court order, he was legally obligated to support, a first degree misdemeanor, in violation of former R.C. 2919.21(A)(4); (3) of failing to provide adequate support to his child under the age of eighteen for a total accumulated period of twenty-six weeks out of the time period between July 1, 1996 and June 2, 1997,[6] a fifth degree felony, in violation of R.C. 2919.21(A)(2); and (4) of failing to provide adequate support to his child whom, by court order, appellant was legally obligated to support, for a total accumulated period of twenty-six weeks out of the time period between July 1, 1996 and June 2, 1997, a fifth degree felony, in violation of R.C. 2919.21.
On August 13, 1999, the trial court sentenced appellant as follows: (1) to concurrent terms of imprisonment of twelve months on count one of the indictment and to six months on count two of the indictment; (2) to concurrent terms of imprisonment of twelve months on count three of the indictment and to twelve months on count four of the indictment; (3) that the sentences on counts one and two be served consecutively with the sentences on counts three and four; (4) with respect to counts three and four, suspend appellant's sentences and impose community control sanctions; (5) that after appellant's release from imprisonment pursuant to counts one and two of the indictment, appellant serve up to five years of community control; and (6) that appellant pay $39,971.22 in restitution in a monthly amount as directed by the Adult Parole Authority. Appellant filed a timely notice of appeal.
 I
In his first assignment of error, appellant contends that the trial court erred by granting the state's motion in limine. The state requested the trial court to prohibit appellant from introducing evidence of his challenges to the prior divorce decree and support order. Appellant asserts that his repeated legal challenges to the original support order and his belief that the decree was invalid is relevant state of mind evidence that addresses his ability and effort to provide support for his child.
In State v. French (1995), 72 Ohio St.3d 446, 449-50, 650 N.E.2d 887,890-91, the court discussed a motion in limine as follows:
 "A `motion in limine' is defined as `[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent [a] predispositional effect on [the] jury.' * * * The purpose of a motion in limine `is to avoid injection into [the] trial of matters which are irrelevant, inadmissible and prejudicial [,] and granting of [the] motion is not a ruling on evidence and, where properly drawn, granting of [the] motion cannot be error.' Id. at 1013-14. See State v. Mauer (1984), 15 Ohio St.3d 239, 259, 473 N.E.2d 768, 787.
 A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, `the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.' Defiance v. Kretz
(1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, (citing State v. Grubb (1986), 28 Ohio St.3d 199, 201-02, 503 N.E.2d 142, 145."
We note that ordinarily "error may not be predicated" on a trial court's decision regarding a motion in limine. Scioto Memorial Hosp.Assn., Inc. v. Price Waterhouse (1996), 74 Ohio St.3d 474, 480,659 N.E.2d 1268, 1274 (Cook, J., concurring). "The resulting exclusion of evidence offered at trial[, however,] may be raised as error on appeal."Id. Thus, the appropriate question we must ask in ruling upon appellant's first assignment of error is not whether the trial court erred by granting the state's motion in limine, but rather whether the trial court erred by excluding the evidence at trial.
The decision to admit or exclude evidence is within the sound discretion of the trial court. See State v. Kinley (1995), (citing Statev. Apanovitch (1987), 33 Ohio St.3d 19, 25, 514 N.E.2d 394, 401). Thus, the trial court's decision to admit or exclude evidence cannot be reversed absent an abuse of discretion. Id.; State v. Combs (1991),62 Ohio St.3d 278, 581 N.E.2d 1071; State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343; State v. Rooker (Apr. 15, 1993), Pike App. No. 483, unreported. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See,e.g., State ex rel. Lee v. Montgomery (2000), 88 Ohio St.3d 233, 235,724 N.E.2d 1148, 1150; State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254, 1256; State v. Adamson
(1998), 83 Ohio St.3d 248, 250, 699 N.E.2d 478, 479. Moreover, the abuse of discretion standard does not permit the reviewing court to substitute its judgment for that of the trial court's judgment. See, e.g., ChippewaTwp. Trustees, 73 Ohio St.3d at 732, 654 N.E.2d at 1258; In re Jane Doe1 (1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181, 1184.
Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Thus, in determining whether evidence is relevant, a trial court first must determine whether the evidence, if introduced, would tend to establish a fact that is material to the action. In assessing whether certain evidence is material, a trial court must evaluate:
 "the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial. What is `in issue,' that is, within the range of the litigated controversy, is determined mainly by the pleadings, read in the light of the rules of pleadings and controlled by the substantive law."
McCormick, Evidence (4 Ed.Strong Ed. 1992) 338, Section 185. Once a court determines that the evidence is material, the court must consider the probative value of the evidence — that is, "the tendency of evidence to establish the proposition that it is offered to prove." Id. at 339. For evidence to have probative force, "the evidence must be more (or less) probable when the disputed fact is true rather than false."Id. If the evidence fails either the materiality or the probative value requirement, the evidence is irrelevant, and Evid.R. 402 requires the trial court to deem it inadmissible.
Even if evidence fulfills the relevancy requirement, the trial court may nevertheless exclude the evidence. Evid.R 403(A) permits a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
After our review of the record in the case sub judice, we conclude that the trial court did not abuse its discretion by excluding evidence relating to appellant's personal, misguided belief as to the prior court order's validity. First, we note that appellant's misguided legal theories do not constitute a valid defense to the criminal offenses at issue. See discussion under appellant's third assignment of error,infra. Second, assuming for purposes of argument that the excluded evidence was indeed relevant, we believe that the trial court reasonably could have concluded that the probative value of the testimony and evidence that appellant sought to introduce was substantially outweighed by the danger of confusing or misleading the jury. Although appellant may argue that the more cautious approach would have been to permit testimony on this issue, the abuse of discretion standard, which guides our review in this matter, does not permit us to substitute our judgment for that of the trial court and does not, under the facts and circumstances in the case sub judice, result in the conclusion that the trial court erred.
Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II
In his second assignment of error, appellant argues that the trial court erred by ordering him to pay restitution for previously unpaid child support. Appellant recognizes and concedes that a court may order a defendant to pay child support as a condition of probation, but asserts that in the case sub judice the trial court's judgment fails to specify that the amount of child support classified as restitution constitutes a condition of probation. Appellant further notes that R.C. 2929.18(A)(1) permits a trial court to impose financial sanctions, including restitution, upon a defendant. Appellant argues, however, that the amount of restitution is limited to the victim's "economic loss." Appellant asserts that the definition of "economic loss" in the Ohio Revised Code does not include past due child support. Appellant further contends: that (1) the trial court failed to hold a hearing to determine appellant's ability to pay the amount of restitution; and (2) the trial court lacked authority to order restitution as a part of appellant's sentence. Consequently, the state argues that the trial court properly ordered appellant to pay restitution as a condition of his community control sanctions.
Initially, we note that our review of the trial court's sentencing entry reveals that the court ordered appellant to pay restitution as a condition of appellant's community control, not as a part of appellant's sentence. Although appellant argues that the trial court did not explicitly state that restitution was a condition of appellant's community control, our examination of the judgment entry as a whole leads us to conclude that this was indeed a condition and was the trial court's intent. Immediately after it imposed the community control sanctions, the trial court imposed "specific sanctions and conditions," including the order to pay restitution.[7] Thus, we reject appellant's argument that the trial court exceeded its authority by ordering appellant to pay restitution as part of appellant's sentence.
Moreover, we believe that the trial court appropriately ordered appellant to pay restitution as a condition of his community control. R.C. 2929.18 permits a trial court to impose, as part of an offender's community control, financial sanctions upon an offender. The statute provides in part as follows: "Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: (1) restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." R.C. 2929.18(A)(1).
At the time the trial court sentenced appellant, the Ohio Revised Code defined "economic loss" as "any economic detriment suffered by a victim as a result of criminally injurious conduct and includes * * * any property loss, medical cost, or funeral expense incurred as a result of the criminally injurious conduct." R.C. 2929.01(N). R.C. 2929.01(G) defined "criminally injurious conduct" as "any conduct of the type that is described in division (C)(1) or (2) of section 2743.51 of the Revised Code and that occurs on or after July 1, 1996 * * *." R.C. 2743.51
defined "criminally injurious conduct" as "any conduct that * * * poses a substantial threat of personal injury or death * * *." R.C. 2743.51(C)(1).
Thus, reading the statutes together it appears that restitution may be ordered "only to compensate for crimes that pose the threat of personal injury or death." State v. Ward (Oct. 11, 1999), Madison App. No. 98CA-12-029, unreported. R.C. 2929.18(A) provides, however, that the listed financial sanctions are not exclusive. Rather, the statute specifically provides that the listed sanctions include, but are not limited to, restitution, among other things. Thus, we believe that pursuant to the broad language contained in R.C. 2929.18(A), a trial court has wide latitude in imposing financial sanctions. But, see, Ward,supra.
We additionally note that the Ohio General Assembly's recent amendment to Revised Code Chapter 29 further buttresses our decision. The present version of R.C. 2929.01 contains a much broader definition of economic loss than the former version. R.C. 2929.01(M) currently defines economic loss as "any economic detriment suffered by a victim as a result of the commission of a felony and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the felony." The current definition omits the reference to criminally injurious conduct, which appears to require the victim to have suffered injury.
Thus, we believe that appellant's reliance upon authority to the contrary is misplaced. The cases upon which appellant relies involved defendants who were sentenced prior to the enactment of Senate Bill 2. See State v. Herring (1993), 88 Ohio App.3d 228, 623 N.E.2d 687; Statev. Ashley (1991), 74 Ohio App.3d 92, 598 N.E.2d 71; State v. Williams
(May 26, 1998), Butler App. No. CA97-10-202, unreported. As we have stated above, we believe that the sentencing provisions contained within Senate Bill 2, specifically the provisions relating to community control sanctions, permit a trial court to order a defendant to pay past due child support as a condition of the defendant's community control.[8]
Additionally, we find no merit to appellant's argument that the trial court was required to hold a hearing to determine appellant's ability to "pay the financial sanctions." R.C. 2929.18(E) provides that the decision whether to hold a hearing is discretionary. See State v. Mullins (Nov. 4, 1999), Cuyahoga App. No. 74861, unreported. The statute states: "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." Thus, a trial court is not required to hold a hearing to comply with R.C. 2929.19, although the court may choose to do so pursuant to R.C. 2929.18(E). Statev. Higgenbothan (Mar. 21, 2000), Belmont App. No. 97 BA 70, unreported. All that is required under R.C. 2929.19(B)(6) is that a trial court consider the offender's present or future ability to pay.
In State v. Martin (Nov. 27, 2000), Jackson App. No. 99CA846, unreported, we wrote the following with respect to this issue:
 "Pursuant to R.C. 2929.19(B)(6), a trial court has a mandatory duty to consider the offender's present or future ability to pay before imposing financial sanctions under R.C. 2929.18. See: State v. Stevens
(Sept. 21, 1998), Clinton App. No. CA98-01-001, unreported. However, there are no express factors that must be taken into consideration, nor findings regarding the offender's ability to pay that must be made on the record. Moreover, the trial court is not required to hold a hearing in order to comply with R.C. 2929.19(B)(6), although it may choose to do so pursuant to R.C. 2929.18(E). Stevens, supra, State v. Higgenbotham (Mar. 21, 2000), Belmont App. No. 97 BA 70, unreported. All that is required under R.C. 2929.19(B)(6) is that the trial court consider the offenders present or future ability to pay.
 In this case, the trial court indicated both at the hearing and in its judgment entry that it had considered the pre-sentence investigation (PSI) report submitted in this case, as well as the statements of the appellant. Although the PSI report is not part of the public record, it is part of the appellate record for our review. R.C. 293.08(F). From the PSI report, the trial court had information regarding the appellant's present and future ability to pay restitution including his age, health, education, and work history. Moreover, the appellant indicated at the sentencing hearing that he could pay restitution if he were to be placed on probation and could obtain gainful employment. Although the trial court did not actually reference this information on the record, we find that the trial court did comply with the requirement of R.C. 2929.19(B)(6) by indicating on the records that it had considered the PSI report as well as the appellant's oral statement at the sentencing hearing. Accordingly, the appellant's final assignment of error is overruled."
Thus, the only requirement under the statute is that the court consider the offender's present or future ability to pay.
In the case sub judice, as in Martin, the trial court reviewed and considered appellant's pre-sentence investigation report. This report touched upon appellant's present and future ability to pay restitution. Thus, we find that the trial court committed no error when considering appellant's ability to pay restitution.
Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III
In his third assignment of error, appellant argues that the trial court erred by overruling his motion to dismiss. Appellant contends that the trial court lacked jurisdiction over the charges pertaining to his failure to support a person whom he was required, by court order, to support. Appellant asserts that the prior court order (the 1982 judgment), that served as the basis for the R.C. 2919.21(B) and the former R.C. 2919.21(A)(4) violations, was unenforceable and voidable. In support of his argument, appellant notes that the trial court's 1982 judgment incorporated by reference the referee's report without separately stating its own judgment and ruling on the divorce, custody and support recommendations contained in the report. We disagree with appellant's assertion.
In the case sub judice, we believe that the trial court properly denied appellant's motion to dismiss. We note that in appellant's prior appeal, he raised the issue of the validity of the trial court's 1982 judgment. In that appeal, we determined that res judicata barred consideration of the issue. Today, we find nothing to alter our belief that had appellant wished to challenge the 1982 judgment, appellant should have raised that issue in his direct appeal from that judgment. See Rogers v. Whitehall
(1986), 25 Ohio St.3d 67, 69, 494 N.E.2d 1387, 1388 (stating that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit"); Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction * * * that was the subject matter of the previous action."); see, also, State ex rel. Landis v. Morrow Cty. Bd. ofElections (2000), 88 Ohio St.3d 187, 188, 724 N.E.2d 775, 776; Holzemerv. Urbanski (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713, 716.
Finally, with respect to appellant's concern that he did not believe that he had an obligation to support his minor child, we note: "Parents are legally obligated to support their offspring and failure to adequately provide support can result in criminal charges. R.C. 2919.21. Supporting one's children is not an option, but a duty." Bobo v. Jewell
(1988), 38 Ohio St.3d 330, 332, 528 N.E.2d 180, 183. Once again, we do not agree with appellant's assertion that his misguided legal theories constitute a valid defense to the instant criminal charges.
Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Kline, J., Evans, J.: Concur in Judgment and Opinion.
[1] Former R.C. 2919.21(A)(2) provided: "No person shall abandon, or fail to provide adequate support to * * * [h]is or her legitimate * * * child who is under age eighteen * * *."
[2] Former R.C. 2919.21(A)(4) provided: "No person shall abandon, or fail to provide adequate support to * * * [a]ny person whom, by law or by court order or decree, the offender is legally obligated to support."
[3] R.C. 2919.21(A)(2) provides: "No person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen * * *."
[4] R.C. 2919.21(B) provides: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
[5] Both the former and present versions of R.C. 2919.21 contain a provision elevating the degree of the offense for a failure to provide support under former division (A)(2) or present division (A)(2) or (B) for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks. Former R.C. 2919.21(E) specified that such a failure was a fourth degree felony. The present version specifies that such a failure is a fifth degree felony.
[6] Appellant's child turned eighteen on June 2, 1997.
[7] The trial court's sentencing entry provides in pertinent part:
 It is therefore ordered that, after his release from prison pursuant to counts one and two of the indictment, the defendant be sentenced to up to five years of community control subject to the general supervision and control of the Adult Parole Authority under any terms and conditions that they deem appropriate, and shall abide and faithfully follow all the minimum general conditions of probation as journalized on October 24, 1996 by the Athens County Probation Department for his convictions on counts three and four.
 The Court further imposes specific sanctions and conditions as follows: (1) the defendant must pay court costs; (2) the defendant must pay $39,971.22 in restitution in a monthly amount as directed by the adult parole authority; (3) the defendant must seek and maintain employment upon release, and is hereby ordered to enter the seek employment program administered through the Athens County Department of Human Services; (4) the defendant must serve three hundred hours of community service while on community control; (5) the defendant must provide copies of his federal and state personal income tax returns for the years 1994 through 1998 to the Adult Parole Authority within thirty days of the date of this entry; (6) upon release, the Defendant must provide the Adult Parole Authority with a specific street address for that place at which he maintains his residence; (7) defendant must pay the costs associated with the travel of Nancy Karnes to attend and testify at trial, which are assessed as court costs.
 Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to twelve months.
[8] We note that the Child Support Enforcement Agency is the proper agency, rather than the Adult Parole Authority or a probation department, to establish and supervise child support payments. See, generally, State v. Lizanich (1994), 93 Ohio App.3d 706, 639 N.E.2d 855;State v. Christensen (July 28, 2000), Delaware App. No. 99CA12066, unreported; State v. Williams (May 26, 1998), Butler App. No. CA97-10-202, unreported.