OPINION AND JOURNAL ENTRY
{¶ 1} On September 25, 2006, this Court granted a stay of execution of appellant's, Matt Marcum's, sentence on the condition that he post bond in the amount of $25, 000 cash or surety with the additional condition that appellant pay the full alleged arrearage on his support order. The appeal bond was posted and the Clerk of Courts has escrowed the sum of $8, 958.39, which amount apparently represents the support arrearage.
 {¶ 2} Appellant passed away on August 4, 2007. On September 25, 2007, the bonding company advised this Court of appellant's death and seeks release of the bond.
 {¶ 3} On October 24, 2007, appellee, the State of Ohio, filed a motion to release the escrowed funds to the Columbiana County Child Support Enforcement Agency (CSEA) for distribution to the obligee. However, on November 7, 2007 appellant's counsel filed a response that the funds held in escrow as the support arrearage were filed by friends of appellant as bond money to stay the judgment appealed, not specifically to be used as unpaid support to be paid to the obligee.
 {¶ 4} This Court's order of September 25, 2006, was a modification of a $200, 000 cash or surety appeal bond ordered by the trial court in this case. Appellant had pleaded no contest to a fifth-degree felony of non-support of his dependents.
 {¶ 5} The bond we ordered was that appellant post $25, 000 cash or surety, acceptable to the Clerk. As a condition of this bond, we also ordered that appellant pay in full the alleged amount owed giving rise to the charge of non-support by filing it with the Clerk of Courts to be held in escrow.
 {¶ 6} The issue to be decided on the competing motions is the disposition of the $8, 958.39 escrowed amount representing the unpaid child support giving rise to the criminal charge. Appellee argues that it should be released to the CSEA for distribution in accordance with the child support order. Appellant argues that the money should be released to appellant's friends, Marvin Bates and Brian Sayers, who have a receipt showing that they posted the sum of $8, 958.39 on behalf of *Page 2 
appellant. Moreover, the receipt states this was the balance due for "Posting of Bonds."
 {¶ 7} The issue presented is complicated by the fact that part of the stay order references the posting of a traditional bond, while the other condition to obtain a stay was the filing of the alleged amount of unpaid child support to be held in escrow.
 {¶ 8} Appellant argues that based on R.C. 2937.40(B), the bond money must be returned to the party (other than the accused) who deposited it, especially since the parties have not expressly approved the use of the bond money for any other purpose. The statute provides:
 {¶ 9} "When cash or securities have been deposited as bail by a person other than the accused and the bail is discharged and released pursuant to division (A) of this section, or when property has been pledged by a surety on recognizance and the surety on recognizance has been released pursuant to division (A) of this section, the court shall not deduct any amount from the cash or securities or declare forfeited and levy or execute against pledged property. The court shall not apply any of the deposited cash or securities toward, or declare forfeited and levy or execute against property pledged for a recognizance for, the satisfaction of any penalty or fine, and court costs, assessed against the accused upon his conviction or guilty plea, except upon express approval of the person who deposited the cash or securities or the surety." (Emphasis added.)
 {¶ 10} Here, the state is not asking that the court release the $8, 958.39 in order to pay a fine or penalty assessed against appellant or any court costs appellant was directed to pay. Instead, the state is asking that the court release the escrowed funds in order to pay delinquent child support it alleges appellant owes. Thus, R.C.2937.40(B) does not govern this situation.
 {¶ 11} Additionally, R.C. 2937.40(A) expressly provides:
 {¶ 12} "Bail of any type that is deposited under sections 2937.22 to2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused shall be *Page 3 
discharged and released, and sureties on recognizances shall be released, in any of the following ways." (Emphasis added.)
 {¶ 13} Here, we ordered appellant to post $25, 000 cash or surety to the clerk. This was appellant's bond. Additionally, we required appellant to pay in full the amount of support he owed to be held in escrow. This was in addition to appellant's bond. It was not bail deposited under sections 2937.22 to 2937.45 or Crim.R. 46, as the statute provides.
 {¶ 14} Therefore, based on these statutes, the escrowed money is not required to be returned to appellant's friends.
 {¶ 15} Case law has held that payment of a child support arrearage cannot be ordered as restitution as part of a defendant's sentence when he is convicted of criminal nonsupport. See State v. Ashley (1991),74 Ohio App.3d 92, 598 N.E.2d 71; State v. Williams (May 26, 1998), 12th Dist. No. CA97-10-202; State v. Wheat (Oct. 15, 1993), 6th Dist. No. 92WD090. But it can be ordered as condition of probation. See id. This applies in felony nonsupport cases as well as in misdemeanors. State v. Herring (1993), 88 Ohio App.3d 228, 623 N.E.2d 687. Here, we can analogize a condition of probation to a condition of bond. In this case, the payment of the approximately $8, 900 into escrow was not appellant's actual bond. It was a condition of his bond.
 {¶ 16} Furthermore, R.C. 3113.04(A) provides:
 {¶ 17} "Sentence may be suspended if a person, after conviction * * * [for nonsupport of dependents] and before sentence under that section, appears before the court of common pleas in which the conviction took place and enters into bond to the state in a sum fixed by the court at not less than five hundred nor more than one thousand dollars, with sureties approved by the court, conditioned that the person will furnish the child or other dependent with necessary or proper home, care, food, and clothing, or will pay promptly each week for such purpose to the office of child support in the department of job and family services, a sum to be fixed by the agency. The child support enforcement agency shall comply with Chapter 3119. of *Page 4 
the Revised Code when it fixes the sum to be paid to the division." (Emphasis added.)
 {¶ 18} The Tenth District has cited this statute holding that, "pursuant to R.C. 3113.04, the trial court may suspend the sentence of an offender convicted of nonsupport under R.C. 2919.21 if the defendant appears before the court and enters into a bond conditioned on the defendant's either furnishing the child with certain necessities or paying to the child support enforcement agency a weekly sum that has been set by that agency." (Emphasis added.) State v. Lizanich (1994),93 Ohio App.3d 706, 711, 639 N.E.2d 855. Thus, the Revised Code recognizes that a condition of bond can be an order that the defendant pay his child support.
 {¶ 19} Additionally, if restitution is ordered as a condition of probation, then the amount of the support arrearage is to be calculated not by the sentencing court but by the juvenile court (or domestic relations court) and then the CSEA is to set the amount of the payments. Williams, 12th Dist. No. CA97-10-202; Ashley, 74 Ohio App.3d at 94. Thus, in this case, the juvenile court or domestic relations court may calculate the amount of appellant's child support arrearage. CSEA can then apply the escrowed money to this arrearage.
 {¶ 20} Based on the above reasoning, this Court orders as follows:
 {¶ 21} The $25, 000 surety bond is released to the bonding company who posted it;
 {¶ 22} The Columbiana County Juvenile Court or Domestic Relations Court is to determine the exact amount of appellant's arrearage; and
 {¶ 23} The funds held in escrow as a condition of bond, being the amount of $8, 958.39, are ordered to be released to CSEA to be applied to appellant's arrearage, less any fees allowed by law to be retained by the Clerk of Courts. In the event that any of these funds remain, then they are to be released to the parties that provided said funds. *Page 5 
 {¶ 24} Appeal bond fully released. Case closed.
Donofrio, J. concurs.
 Waite, J. concurs. *Page 1